UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


William Muncy, et al.,                                      Case No. 3:12-cv-00804

                    Plaintiffs

         v.                                                 ORDER


James R. Beutler, et al.,

                    Defendants


         Defendants James Beutler, et al., have filed a motion to strike or preclude the testimony of

Dr. Jon Mukand as an expert witness.  (Doc. No. 88).  The Defendants argue Dr. Mukand is not

qualified to testify as an expert in this case and that the opinions he has offered are not reliable.

Plaintiffs William and Nina Muncy have filed a brief in opposition.  (Doc. No. 118).

         A witness may testify as an expert and offer the witness's opinion if the witness is qualified

"by knowledge, skill, experience, training, or education . . . ."  Fed. R. Evid. 702.  In evaluating the

admissibility of expert testimony, a trial court "must determine whether the testimony has 'a reliable

basis in the knowledge and experience of [the relevant] discipline.'"  *Kumho Tire Co., Ltd. v.

Carmichael*, 526 U.S. 137, 149 (1999) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592

(1993) (alteration in original)).  The party offering the expert as a witness has the burden to show the

expert's proposed testimony is admissible.  *Daubert*, 509 U.S. at 592 n.10.

While acknowledging a witness may be qualified as an expert based on experience, the Defendants appear to claim Dr. Mukand is not qualified as an expert witness because he is not a neurologist.  (Doc. No. 89 at 6).  This argument is not persuasive.  As the Plaintiffs point out, Dr. Mukand "evaluates, diagnoses, and treats patients like William Muncy who are at an increased risk of blood clots and stroke" and also "is familiar with Lovenox, including its risks, benefits, medical indications, half-life, and pharmacokinetics, and [has] presented and published his research on the medication."  (Doc. No. 118 at 17-18).  The Defendants fail to show Dr. Mukand is not qualified to testify as an expert witness in this case.

The Defendants also assert Dr. Mukand's opinion is not reliable because he failed to explain previous incidents in which Muncy experienced stroke-like symptoms while taking Lovenox and also ignored or failed to address medical records indicating "inconsistent observations and inconsistent findings" from medical providers with regard to those previous incidents.  (Doc. No. 89 at 2).  The Defendants' objection, in effect, is that Dr. Mukand does not view Muncy's medical history and records in the same way as the Defendants.  This argument goes to the weight and credibility a fact finder might assign to Dr. Mukand's testimony and does not impact its reliability under *Daubert* and *Kumko Tire*.  The Defendants' motion to strike or preclude Dr. Mukand's opinions is denied.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge